SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
BRIAN D. ANDERSON, Cal. Bar No. 221645
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415-434-9100
Facsimile:   415-434-3947

Attorneys for The Gymboree Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GYMBOREE CORPORATION and DOES 1-10,<br><br>Defendants. | Case No. 3:07-cv-00087-SI<br><br>**ADMINISTRATIVE MOTION TO REASSIGN AND CONSOLIDATE RELATED CASES PURSUANT TO CIVIL L.R. 3-12, CIVIL L.R. 7-11 AND FED. R. CIV. P. 42(A)**<br><br>[Complaint Filed: January 5, 2007] |

1  Defendant The Gymboree Corporation ("**Gymboree**") submits this
2  Administrative Motion to Reassign and Consolidate Related Cases pursuant to Civil L.R.
3  3-12, Civil L.R. 7-11 and Fed. R. Civ. P. 42(a).
4  This case ("**Lopez**") was filed on January 5, 2007 and served on or about
5  January 22, 2007. The case *Mitchell v. The Gymboree Corporation, et al.*, Case No. 3:07-
6  cv-00739-WHA ("**Mitchell**") was filed on February 5, 2007 and has not been served,
7  although Gymboree has received a request for waiver of service. Mitchell is assigned to
8  the Hon. William H. Alsup in this District. It is related to this case according to the criteria
9  set forth in Civil L.R. 3-12(a) and, therefore, should be reassigned to this courtroom.[1]
10  An action is related to another when: (a) "The actions concern substantially
11  the same parties, property, transaction or event"; and (b) "It appears likely that there will
12  be an unduly burdensome duplication of labor and expense or conflicting results if the
13  cases are conducted before different Judges." Civil L.R. 3-12(a).
14  The Lopez case and the Mitchell case concern the identical alleged
15  transactions, events and legal claims. Both cases allege that Gymboree violated the Fair
16  Credit Reporting Act (FCRA), specifically the Fair and Accurate Credit Transactions Act
17  (FACTA) portion of it by printing on sales receipts more than the last five digits of
18  people's credit card or debit card number and/or the expiration date of people's credit card
19  or debit card.
20  While each case, of course, has its own individual purported class
21  representative (i.e., Ms. Lopez and Ms. Mitchell), the purported class in Lopez is identical
22  to purported "Class B" in Mitchell and only slightly different from purported "Class A" in
23  Mitchell:[2]

---

[1] As the Lopez case was filed prior to the Mitchell case, it is proper for the Judge in this case, the earliest-filed case, to hear and decide this motion. Civil L.R. 3-12.

[2] Purported "Class A" in Mitchell is slightly different only because of the way the effective date of the pertinent statutory provision is written. 15 U.S.C § 1681c(g) became effective (a) "3 years after the date of enactment of this subsection [enacted Dec. 4, 2003], with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use

1        •     **Lopez Case**: "All individuals in the United States of America who, on or after December 4, 2006, were provided at the point of a sale or transaction with an electronically-printed receipt by GYMBOREE on which GYMBOREE printed more than the last five digits of the person's credit card or debit card number, or on which GYMBOREE printed the expiration date of the person's credit card or debit card." Lopez Complaint, p.6.

       •     **Mitchell Case**: <u>Class A</u> "All persons in the United States to whom, on or after January 1, 2005, Defendants provided, through use of a machine that was first put into use by Defendants on or after January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which Defendants printed more than the last five digits of the person's credit card or debit card number and/or printed the expiration date of the person's credit card or debit card"; and <u>Class B</u> "All persons in the United States to whom, on or after December 4, 2006, Defendants provided, through use of a machine that was being used by Defendants before January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which Defendants printed more than the last five digits of the person's credit card or debit card number and/or printed the expiration date of the person's credit card or debit card." Mitchell Complaint, p. 4.

       Similar to the related case reassignment standard, consolidation is proper and efficient where purported classes are the same. *See* Fed R. Civ. P. 42(a) ("when actions involving common questions of law or fact are pending before the court, it . . . may order all the actions consolidated[.]"). In *Siegall v. Tibco Software, Inc.*, this District granted a Motion for Consolidation concerning multiple class actions involving "substantially similar, if not identical, factual and legal claims against the same defendants" and identical purported classes. *See Siegall v. Tibco Software, Inc.*, 2006 U.S. Dist. LEXIS 26780 *9

---

before January 1, 2005"; and (b) "1 year after the date of enactment of this subsection [enacted Dec. 4, 2003], with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005." 15 U.S.C § 1681c(g). Thus, the slight difference in purported "Class A" in Mitchell is the result of the plaintiff separating claims based on machines first used before and after January 1, 2005, per the statute.

1 | (N.D. Cal. 2006). Similarly, the Lopez case and the Mitchell case involve identical factual and legal claims against the same defendant, Gymboree, and effectively identical purported classes. These two cases should be conducted before one judge.

Moreover, conducting the Lopez case and the Mitchell case before different Judges or separately would certainly result in burdensome duplication of labor and expense. *Siegall v. Tibco*, 2006 U.S. Dist. LEXIS 26780 *5 (citing *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) ("The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact.") Proceeding separately here would essentially double Gymboree's labor and expense. For example, discovery and motion practices would be identical in both cases.

Conducting both cases before different judges or separately could also lead to conflicting results. For instance, the issue of *willfulness* is paramount in both cases—and should be resolved by motion—since a plaintiff must show actual damages (something not alleged in either case) to recover absent a finding of willfulness. 15 U.S.C. § 1681n(a). Different outcomes on the willfulness issue would lead to conflicting results in these two cases.

For the reasons set forth herein, Mitchell is a related case to this one and should be reassigned to this courtroom and consolidated with Lopez.

Respectfully submitted,

DATED: March 27, 2007

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By /S/ Brian D. Anderson
Brian D. Anderson
Attorneys for Defendant THE GYMBOREE CORPORATION


IT IS SO ORDERED
Judge Susan Illston

W02-WEST:5BAN1\400242219.2

ADMIN. MOTION TO REASSIGN AND CONSOLIDATE
-4-

# CERTIFICATE OF SERVICE

I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is Four Embarcadero Center, 17th Floor, San Francisco, California 94111-4106.

On March 27, 2007, I served the following document(s) described as follows:

1. **Administrative Motion to Reassign and Consolidate Related Cases Pursuant to Civil L.R. 3-12, Civil L.R. 7-11 and Fed. R. Civ. P. 42(A)**

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

| | |
|---|---|
| Elizabeth A. Acevedo, Esq.<br>Keller Grover LLP<br>425 Second Street, Suite 500<br>San Francisco, CA 94107<br>eacevedo@kellergrover.com<br>Tel: 415/543-1305<br>Fax: 415/543-7681 | Mark R. Thierman, Esq.<br>Thierman Law Firm<br>7287 Lakeside Drive<br>Reno, NV 89511<br>Tel: 775/284-1500 |
| Scott A. Miller, Esq.<br>Law Offices of Scott A. Miller, A.P.C.<br>16133 Ventura Blvd., Suite 1200<br>Encino, CA 91436<br>millaw@sbcglobal.net<br>Tel: 818/788-8081 | Steven L. Miller, Esq.<br>Steven L. Miller, A Professional Law Corporation<br>16133 Ventura Blvd., Suite 1200<br>Encino, CA 91436<br>stevenmiller@sbcglobal.net<br>Tel: 818/986-8900 |

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 415/434-3947. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and

-2-

1     without error. Pursuant to Rule 2008(e), a copy of that report is attached to this declaration.

2    ☐    **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

3

4    ☒    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

5

6

Executed on March 27, 2007, at San Francisco, California.

_____
Mironda Lewis

-3-

W02-WEST:FML\400249616.1
Case No. C 07 cv 00087-SI

CERTIFICATE OF SERVICE