IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LOPEZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>THE GYMBOREE CORPORATION and DOES 1-10,<br><br>        Defendants.<br>_____/ | No. C 07-0087 SI<br>Member Case No. 07-739 SI<br>Related Case No. 07-2270 SI<br><br>**ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS AND/OR FOR A MORE DEFINITE STATEMENT** |

On June 1, 2007, the Court heard argument on defendant's motions to dismiss and/or for a more definite statement in this case and the consolidated member case, *Mitchell v. The Gymboree Corporation*, C 07-739 SI.  As set forth below, the Court DENIES the motions.

**LEGAL STANDARDS**

**1.     Motion to dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  Even if the face of the pleadings suggests that the chance of recovery is

remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**2.    Motion to strike**

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

**DISCUSSION**[1]

Plaintiff filed this action under the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), 15 U.S.C. § 1681, *et seq.*, which amends several provisions of the Fair Credit and Reporting Act ("FTCA"). Plaintiff brings this action on behalf of herself and a putative nationwide class of consumers. Complaint ¶ 16. Plaintiff alleges that Gymboree violated Section 1681c(g) of the FACTA when, on or about December 7, 2006, Gymboree printed the expiration date of plaintiff's credit card on a receipt provided to plaintiff at the point of a sale or transaction between plaintiff and Gymboree. *Id*. ¶ 10. On behalf of the class, plaintiff alleges that Gymboree has violated the same provision of FACTA by "print[ing] the expiration date and/or print[ing] more than the last five digits of Class Members' credit card or debit card numbers on the receipts provided to Class Members at the point of a sale or transaction between GYMBOREE and the Class Members." *Id*. ¶ 13.

Plaintiff does not allege actual damages, and seeks to recover only statutory and punitive damages under Section 1681n of FCRA. That section provides that any person who willfully fails to comply with FCRA's requirements is liable for "actual damages sustained by the customer as a result of the failure *or* damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A)

---

[1] The *Lopez* and *Mitchell* actions are virtually identical. In the interest of simplicity, this order refers to the *Lopez* complaint.

2

(emphasis added).

**1.    Allegations of willfulness**

Defendant contends that plaintiff has not sufficiently alleged that Gymboree willfully violated FACTA. The complaint alleges that "Congress gave companies which were using 'older' Cash Registers put into use before January 1, 2005, significant additional time to 'fix' the problem with respect to those Cash Registers." Complaint ¶ 8. The complaint further alleges,

> In addition, years ago, VISA, Mastercard, and other entities, including Cash Register sellers, began informing retailers of the need to truncate credit card information to comply with various state laws, with VISA or Mastercard policies and/or regulations, and/or with FACTA. Indeed, VISA implemented new operations regulations, applicable to new Cash Registers, as early as July 2003, in response to legislation in other states requiring suppression of the expiration date and some digits on cardholder receipts, requiring similar suppression of such information for VISA transactions. GYMBOREE ignored all these warnings, as well as the terms of FACTA itself, and continued to print Prohibited Information on customer receipts. In contrast, most businesses and retail companies in the United States – particularly large, sophisticated entities like Defendants – elected to take the steps needed to replace, modify, or re-program their Cash Registers in order to comply with the law.

*Id*. ¶ 9. With regard to both the named plaintiff, and the class generally, the complaint alleges,

> GYMBOREE's violations, as alleged herein, were not an accident or an isolated oversight. Rather, GYMBOREE knowingly and intentionally continued to use Cash Registers which were not programmed to, or otherwise did not, comply with Section 1681(g). GYMBOREE knew that its receipt-printing practice contravened the rights of consumers under the FCRA, or, at a minimum, recklessly disregarded whether its practice contravened consumers' rights.

*Id*. ¶¶ 11, 15.

The Supreme Court recently clarified FCRA's willfulness standard in *Safeco Insurance Company of America v. Geico*, ___ S. Ct. ___, 2007 WL 1582951 (U.S. June 4, 2007).[2] In *Safeco*, the Court held that liability under § 1681n(a) for "willfully fail[ing] to comply" with FCRA covers both knowing and reckless violations of the statute. The Court further explained that "a company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a

---

[2] Defendant objects that plaintiff's "Notice of Lodging Newly-Decided Authority" violates the Civil Local Rules because plaintiff did not seek the Court's permission prior to filing the Notice. The Court notes that at the June 1, 2007 hearing, the parties informed the Court that the Supreme Court's decision in *Safeco* was imminent. The Court finds that defendant's objection is not well-founded as the parties fully expected that once *Safeco* was issued the Court would consider that decision in connection with the instant motion.

3

reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at *12.

Here, the complaint alleges that Gymboree "knowingly and intentionally" continued to use cash registers that did not comply with FACTA, and that Gymboree "knew" that its receipt-printing practices violated consumers' rights under FACTA, or at a minimum "recklessly disregarded" whether its practice violated consumers' rights. The Court finds that these allegations of both knowing and reckless conduct are sufficient to allege "willfulness" under the FACTA. Whether plaintiff can prove that defendant acted willfully is a different matter not appropriate for determination at this stage of the litigation.

## 2.    **Vague and ambiguous**

Defendant challenges Section 1681c(g) of FACTA as vague and ambiguous, and argues that Gymboree could not have willfully violated a vague and ambiguous statute. Section 1681c(g) provides as follows: "[n]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). Courts have interpreted this language as requiring both truncation of credit card numbers *and* suppression of expiration dates. *See, e.g.*, *Arcilla v. Adidas Promotional Retail Operations, Inc.*, ___ F. Supp. 2d ___, 2007 WL 1498334 (C.D. Cal. May 3, 2007).

Defendant argues that section is vague and ambiguous because it can be read as allowing a business to print the expiration date on a receipt provided that the credit card number is truncated. Defendant also advances a second interpretation under which the phrase "last 5 digits" modifies both "card number" and "expiration date," thus permitting a business to print the card number and the expiration date on the card as long as fewer than the "last 5 digits" of each number appear on the receipt.

"The void-for-vagueness doctrine reflects the principle that a statute which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 629 (1984) (internal citation and quotations omitted). Further, "when the statute regulates the conduct of businesses . . . the vagueness test is relaxed, because

4

businesses have a greater ability to determine the meaning of legislation in advance of their conduct than do individuals." *Big Bear Super Market No. 3 v. INS*, 913 F.2d 754, 757 (9th Cir. 1990).

The Court finds that Section 1681c(g) is not vague and ambiguous because the plain language of this section has only one reasonable meaning. "No person . . . shall print more than the last 5 digits of the card number or the expiration date upon any receipt" means that (1) no person shall print more than the last 5 digits of the credit card number upon any receipt and (2) no person shall print the expiration date upon any receipt. Both of defendant's proposed alternative interpretations are illogical and strained. Allowing a business to print an expiration date as long as the credit card number is truncated ignores the "or expiration date" language from the Section. Similarly, defendant's argument that "last 5 digits" modifies both the credit card number and expiration date makes no practical sense, as credit card expiration dates are generally either 4 or 6 digits long. Finally, the Court notes that other courts have uniformly rejected similar vagueness challenges to § 1681(g). *See Arcilla*, 2007 WL 1498334, *3-5; *Pirian v. In-N-Out Burgers*, 2007 WL 1040864, *3 (C.D. Cal. Apr. 5, 2007); *Aeschbacher v. California Pizza Kitchen*, 2007 WL 1500853, *3 (C.D. Cal. Apr. 3, 2007).

### 3. Damages and harm

Defendant raises a number of arguments challenging plaintiff's damages claim. First, defendant asserts that it cannot have acted willfully because plaintiff does not allege "actual harm," by which defendant means economic loss. Defendant does not cite any authority for this assertion, and the Court agrees with the other courts which have found this argument "is a non sequitur." *See Pirian*, 2007 WL 1040864, at *7. A defendant acts "willfully" under the FCRA if the defendant intends to violate the law, or recklessly disregards a risk of violating the law. *See Safeco*, 2007 WL 1582951, *12. Whether a defendant acts "willfully" has no bearing on whether or in what manner a plaintiff has been injured. A defendant can willfully violate FACTA without causing any actual economic losses, and indeed the statute contemplates as much by providing for statutory damages.

Defendant also argues that the complaint should be dismissed because plaintiff's failure to allege actual harm violates principles of tort law. Defendant's assertion lacks merit, as defendant attempts to import tort law principles into a statutory enactment which explicitly provides for statutory damages

5

1 without proof of actual economic loss. Defendant's reliance on *Doe v. Chao*, 540 U.S. 614 (2004), is
2 misplaced. *Chao* involved a claim under the Privacy Act, and the Supreme Court held as a matter of
3 "straightforward textual analysis" that the Privacy Act, unlike the FCRA, required proof of actual
4 damages. *See id*. at 620.

5 Defendant next argues that plaintiff's claim for punitive damages should be stricken because
6 plaintiff failed to allege actual economic harm. To the extent defendant suggests that, as a matter of law,
7 punitive damages are only available if economic harm is also present, defendant is incorrect. *See Yohay*
8 *v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967, 972 (4th Cir. 1987). Similarly,
9 defendant wrongly asserts that awarding punitive damages absent economic harm would constitute a
10 per se due process violation. To the contrary, the Supreme Court has instructed that courts reviewing
11 the constitutionality of a punitive damages award should consider several "guideposts," including, *inter*
12 *alia*, "the disparity between the actual *or potential* harm suffered by the plaintiff and the punitive
13 damage award." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003) (emphasis
14 added). The Court will not strike plaintiff's punitive damages claim based on the wholly speculative
15 argument that any potential punitive damages award might be constitutionally excessive; defendant is
16 free to raise due process challenges if and when a punitive damages award is actually imposed in this
17 case.

18 Finally, defendant also contends that awarding statutory damages to a nationwide class would
19 violate Gymboree's due process rights, and that the Court should strike the class allegations because
20 they are broader than the individual plaintiff's allegations. The Court finds that both of these arguments
21 are premature, and should be raised in connection with any class certification proceedings.

26 ///

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES defendant's motions to dismiss and/or strike. (Docket No. 15 in 07-87 and Docket No. 9 in 07-739).

**IT IS SO ORDERED.**

Dated: June 8, 2007

SUSAN ILLSTON
United States District Judge